UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONN E CURBOW,

        Plaintiff,

v.

DON CLINTSMAN, et al.,

        Defendants.

Case No. 2:21-cv-1420-TLF

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 3. For the reasons discussed below, plaintiff's motion is denied without prejudice.

A plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved," to make an assessment whether exceptional circumstances show that

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 1

counsel should be appointed. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issues involved, and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand,* 113 F.3d at 1525.

Plaintiff has not demonstrated that he is indigent under 28 U.S.C. § 1915 and is not proceeding in this action *in forma pauperis*. Accordingly, plaintiff is not entitled to appointed counsel under 28 U.S.C. §1915(e)(1). Plaintiff has not identified any other basis for appointment of counsel.

Additionally, even if plaintiff were proceeding *in forma pauperis*, plaintiff has failed to establish exceptional circumstances warranting appointment of counsel. Plaintiff has not shown that his claims are particularly complex or that he is unable to articulate the factual basis of his claims *pro se*. The record demonstrates that plaintiff has adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of the claims.

Plaintiff further informs the Court that he has made several unsuccessful attempts to obtain private counsel. Dkt. 3. However, the inability to obtain counsel due to cost or lack of availability, is not an exceptional circumstance necessarily requiring the appointment of counsel at government expense. *See, Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998). This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel.

ORDER DENYING MOTION FOR APPOINTMENT OF
COUNSEL - 2

1	The Court denies plaintiff's motions for appointment of counsel (Dkt. 3) without
2	prejudice. Plaintiff will be allowed to renew this motion if, at a later time in the
3	proceedings, exceptional circumstances would require appointment of counsel.

	Dated this 1st day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL - 3