UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONN E CURBOW,

                    Plaintiff,

       v.

DON CLINTSMAN, et al.,

                    Defendants.

Case No. 2:21-cv-1420-TLF

ORDER ON MOTION FOR
RECONSIDERATION

This matter comes before the Court on plaintiff's motion for reconsideration. Dkt. 7. For the reasons set forth herein, plaintiff's motion for reconsideration is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is proceeding in this action *pro se*, alleging that the named defendants have violated plaintiff's rights. Dkt. 1. Plaintiff filed a motion for appointment of counsel stating that plaintiff has made several unsuccessful attempts to obtain private counsel. Dkt. 3. The Court denied plaintiff's motion for appointment of counsel. Dkt. 4. In its Order, the Court explained that plaintiff did not qualify for appointed counsel under 28 U.S.C. § 1915(e)(1) because plaintiff has not demonstrated that he is indigent under 28 U.S.C. § 1915(e)(1) and plaintiff is not proceeding *in forma pauperis*. Dkt. 4. Additionally, the Court stated that even if plaintiff demonstrated that he was indigent for purposes of 28 U.S.C. § 1915(e)(1), plaintiff has not shown exceptional circumstances warranting appointment of counsel. Dkt. 4.

Plaintiff has filed a motion for reconsideration. Dkt. 7. Plaintiff's motion for reconsideration argues that exceptional circumstances exist warranting appointment of counsel because plaintiff is "100% disabled through the U.S. Navy" and because plaintiff suffers from agoraphobia. Dkt. 7 at 1-3. Additionally, plaintiff informs the Court that every attorney that he has contacted in Washington has declined to represent plaintiff. Dkt. 7 at 4. Further, plaintiff states that he has tested positive for COVID which has caused increased anxiety. Dkt. 7 at 4. Finally, plaintiff argues that counsel should be appointed because he lacks legal knowledge and training. Dkt. 7 at 5-6.

## DISCUSSION

Motions for reconsideration are generally disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

A plaintiff does not have a constitutional right to appointed counsel in civil rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court may only appoint counsel to a person that cannot afford counsel

in "exceptional circumstances." *Agyeman v. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's motion for reconsideration argues that exceptional circumstances warrant appointment of counsel because he is disabled, plaintiff has been unable to retain private counsel, and because plaintiff lacks the legal knowledge necessary to litigate this action. Dkt. 7. Plaintiff has not shown that he is unable to afford counsel in this action. Plaintiff has paid the Court's filing fee, did not move to proceed *in forma pauperis* and has not provided any evidence that plaintiff is unable to afford an attorney. The motion for reconsideration does not provide new or additional evidence regarding plaintiff's ability to afford an attorney. Therefore, plaintiff is not entitled to appointed counsel under 28 U.S.C. § 1915(e)(1).

CONCLUSION

Based on the foregoing discussion, plaintiff's motion for reconsideration (Dkt. 7) is DENIED without prejudice. Plaintiff may bring another motion if, at a later time in the proceeding plaintiff can demonstrate that he cannot afford to hire counsel and that exceptional circumstances require appointment of counsel.

Dated this 25th day of January, 2022.

*Theresa L. Fricke*
—————————————————
Theresa L. Fricke
United States Magistrate Judge