1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONN E CURBOW,

                    Plaintiff,

    v.

DON CLINTSMAN, et al.,

                 Defendants.

Case No. 2:21-cv-1420-TLF

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on defendant's motion to dismiss (Dkt. 15), plaintiff's response to the motion to dismiss (Dkt. 18), and defendants' reply (Dkt. 19). For the reasons set forth below, the Court GRANTS the defendant's motion to dismiss without prejudice.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, proceeding pro se, filed this action alleging intentional infliction of emotional distress. Dkt. 1.

Plaintiff's complaint alleges that the amount of past-due child support he owed was appearing on his credit report as his monthly child support payment. Dkt. 01, at 7-14. Plaintiff states that, because of this issue, he has been denied credit and his credit has been destroyed. Dkt. 1. at 7. Plaintiff said this issue has remained unresolved since he began raising the issue in 2017, despite having informed various employees at Washington's Division of Child Support (DCS) about it. Dkt. 1 at 15. These employees

include the named defendants who are all DCS enforcement officers. Dkt. 1. at 7-14. Plaintiff says DCS corrected the monthly value each time he informed an enforcement officer about the issue; yet, each time the monthly value would later revert to the original incorrect value. Dkt. 1 at 7-14.

Defendants have moved to dismiss plaintiff's complaint arguing that it is barred under the Eleventh Amendment and that the Court lacks subject matter jurisdiction over the claims. Dkt. 15, at 1, 3-4.

Plaintiff responded to the Motion to Dismiss by asserting – for the first time in his response brief – new claims of Fair Credit Reporting Act (FCRA) violations and Federal Torts Claims Act (FTCA) violations. Dkt. 18, at 2-3. Plaintiff said these claims resolved any subject matter jurisdiction issues. Dkt. 18 at 2-3. Plaintiff also argues that his claims are not barred by the Eleventh Amendment because he is raising claims against the defendants in their individual capacities and not in their official capacities. Dkt. 18 at 2-3.

Defendants replied, arguing the FRCA and FTCA claims did not resolve the federal question issue because states and those acting in their official capacity are not "persons" under the FRCA and because the FTCA only applies to the federal government, not the state government. Dkt. 19, at 2-3. Further, the defendants say that plaintiff still lacks personal jurisdiction over the defendants because his initial Complaint was specifically made against DCS and because plaintiff does not claim any of the named defendants themselves reported information to a credit bureau. Dkt. 19. at 2. Defendants contend federal subject matter jurisdiction still does not exist because none of the other claims against them are federal claims. *Id.* at 3.

1

DISCUSSION

2      Defendants move to dismiss plaintiff's complaint under FRCP 12(b)(1) and

3  12(b)(6) based on both an Eleventh Amendment bar and lack of subject matter

4  jurisdiction.  Dkt. 15.

5      A Rule 12(b)(1) motion to dismiss may be based on either a "factual" or a "facial"

6  challenge to subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d

7  1035, 1039 (9th Cir. 2004). A facial challenge on subject matter jurisdiction asserts that

8  the factual allegations in the complaint are insufficient on their face to invoke federal

9  jurisdiction. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (citing *Safe Air*

10 *for Everyone*, 373 F.3d at 1039). A factual attack challenges the truth of allegations that

11 would otherwise invoke federal jurisdiction. *Edison*, 822 F.3d at 517.

12     The district court resolves facial challenges to subject matter jurisdiction under

13 the same standard as Rule 12(b)(6); accepting the allegations as true and drawing all

14 reasonable inferences in plaintiff's favor, the court must determine whether the

15 allegations sufficiently invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117,

16 1121 (9th Cir. 2014). The Court is not required to accept as true plaintiff's allegations

17 asserting proper subject matter jurisdiction. *Robinson v. United States*, 586 F.3d 683,

18 685 (9th Cir. 2009).

19     When a Court reviews a Rule 12(b)(6) motion, it must accept as true "all well-

20 pleaded allegations of fact in the complaint and construe them in the light most

21 favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530

22 (9th Cir. 2019) (internal quotations omitted). When evaluating a 12(b)(6) motion, the

23 court may only consider the complaint, materials incorporated into the complaint by

24

25

reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. The Court must liberally construe a pro se complaint and construe all facts in the light most favorable to the plaintiff. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

For the reasons set forth below, the Court GRANTS the motion to dismiss.

A. Eleventh Amendment Immunity

Plaintiff's claims are not automatically barred by Eleventh Amendment immunity because, when agents of the state are sued, the court presumes that the suit is brought in an individual capacity. *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See, Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96 F.3d at 421.

1  Therefore, neither the state nor an official acting in their official capacity may be sued

2  for damages. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015). Further,

3  the plaintiff does not need to have named the state as a defendant for the Eleventh

4  Amendment to apply. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988)

5         The Eleventh Amendment does not, however, bar claims for damages against

6  state officials in their individual capacities. *Mitchell,* 818 F.3d 442. "[W]hen a plaintiff

7  sues a defendant for damages, there is a presumption that he is seeking damages

8  against the defendant in his individual capacity." *Mitchell*, 818 F.3d at 442 (citing

9  *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)).

10        Further, the Court must liberally construe a pro se litigant's pleading. *Boag v.*

11  *MacDougall*, 454 U.S. 364, 365 (1982). "Presumably unskilled in the law, the pro se

12  litigant is far more prone to making errors in pleading than the person who benefits from

13  representation of counsel." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A pro

14  se plaintiff's pleading is ultimately held "to a less stringent standard than formal

15  pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

16        Here, plaintiff named employees of the Washington State Division of Child

17  Support Services (DCS) as defendants. Plaintiff's claims for relief identify the

18  defendants individually and allege claims based on their individual conduct. Dkt. 1 at 9-

19  14. Accordingly, it appears that plaintiff is attempting to allege causes of action against

20  each named defendant in their individual capacity.

21        Based on the foregoing, plaintiff's claims are not barred by the Eleventh

22  Amendment.

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

B. Federal Subject Matter Jurisdiction

For the reasons set forth below, plaintiff's claims are dismissed because the Court lacks subject matter jurisdiction over plaintiff's claims.

Claims cannot be heard in federal courts unless the requirements for federal subject matter jurisdiction are met. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). One way to achieve this is through diversity jurisdiction, which allows courts to have subject matter jurisdiction over civil actions where, "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and cost, and is between (1) Citizens of different States […]". 28 U.S.C. § 1332(a). A second way this can be achieved is through federal question jurisdiction, which is present in actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh,* 546 U.S. at 514.

Here, the Court does not have diversity jurisdiction because all parties reside in Washington State. And, because plaintiff's claim – intentional infliction of emotional distress – arises from state law, there is no independent federal question that would confer federal question jurisdiction.

Plaintiff contends for the first time in response to defendants' motion, that he is raising claims under the Fair Credit Reporting Act and the Federal Tort Claims Act. Dkt. 18. The Court cannot consider these new causes of action because they were not raised in plaintiff's complaint. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n1 (9th Cir. 1998) (when determining a motion to dismiss the Court cannot look beyond the complaint to plaintiff's briefing).

Additionally, even if plaintiff had raised these claims in the complaint, they would be subject to dismissal. First, plaintiff does not allege that the named defendants violated the FCRA. While the FCRA allows plaintiffs to recover from "[a]ny person who willfully fails to comply with any [of its] requirements", plaintiff only alleges that the DCS of Everett violated the FCRA, not the named defendants. Dkt. 18, at 3; FCRA. 15 U.S.C. § 1681n(a). Further, as a state agency DCS of Everett would be immune from suit under the FCRA. *See, Howlett*, 496 U.S. at 365; *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 727 (2003) (explaining that Congress cannot abrogate sovereign immunity pursuant to the Commerce Clause); *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 589 (9th Cir. 2016) ("Congress … could not validly abrogate immunity under the FCRA.").

Second, plaintiff's FTCA claim would similarly be subject to dismissal because the FTCA does not apply to state actors. The FTCA only applies to the *federal United States government,* not *individual states.* 28 U.S.C. § 2674; *Simmons v. Himmelreich*, 578 U.S. 621, 623 (2016) ("The Federal Tort Claims Act (FTCA) allows plaintiff to seek damages from the United States for certain torts committed by *federal* employees.") (emphasis added).

C. <u>Leave to Amend</u>

Based on the foregoing discussion, plaintiff's claims are subject to dismissal because the Court lacks subject matter jurisdiction over plaintiff's claims. Because plaintiff is a proceeding pro se and his complaint must be construed liberally, the Court will dismiss this action without prejudice and grant plaintiff an opportunity to move for

leave to file amended complaint. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

If plaintiff wishes to amend the complaint, plaintiff may file a motion for leave to amend the complaint explaining why the amended complaint should be allowed. Any such motion shall be filed within 30 days of the date of this order. If such a motion is filed, the defendant shall have 21 days to respond and plaintiff shall have 14 days to file a reply. The Court will then determine whether plaintiff's claims may proceed or whether this case should be terminated. If plaintiff does not file a motion for leave to amend within 30 days of this Order plaintiff's claims will be dismissed without prejudice and plaintiff's claims will be terminated.

<u>CONCLUSION</u>

Based on the foregoing discussion, defendant's motion to dismiss (Dkt. 15) is GRANTED and plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 15th day of June, 2022.


*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS - 8